**CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOEL ORR, | : | Civil No. 10-5616 (FSH) |
| | : | |
| Plaintiff, | : | |
| | : | **ORDER** |
| v. | : | |
| | : | |
| JOHN SHUST, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff submitted a civil Complaint pursuant to 42 U.S.C. § 1983, and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and it appearing that:

1. The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f).

2. The filing fee for a civil rights complaint is $350.00. See 28 U.S.C. § 1914(a).

3. If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act ("PLRA") requires the prisoner to file an **affidavit of poverty and a prison account statement for the six-month period immediately preceding the filing of the complaint**. See 28 U.S.C. § 1915(a)(2).

4. The PLRA further provides that, if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct

installment payments from the prisoner's prison account equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00. See 28 U.S.C. § 1915(b).

5.  In addition, if the prisoner is granted permission to proceed in forma pauperis, then the PLRA requires this Court to screen the complaint for dismissal and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an defendant who is immune from such relief.

6.  The PLRA further provides that, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

7.  The above-named Plaintiff is a pre-trial detainee. Plaintiff failed to pay his filing fee, or submit his six-month prison account statement and his affidavit of poverty.   His Complaint indicates that he is not in  imminent danger of serious physical injury; rather, his Complaint asserts numerous unrelated claims, e.g., being allegedly assaulted upon his arrest that took place a year ago and, allegedly, having his right to speedy trial denied by not being served with his indictment.  See Docket Entry No. 1.

8.  In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  However, a civil complaint

must conform to the requirements set forth in Rules 8(a) and (e) of the Federal Rules of Civil Procedure.  The Rules require that the complaint be simple, concise, direct and set forth "a short and plain **statement of the claim showing that the pleader is entitled to relief**."  <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168 (1993) (emphasis supplied); <u>see</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-54 (2009) (requiring statement of facts showing a plausible claim); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) (requiring assertion of sufficient "factual heft").  Moreover, Rule 20(a)(2) of the Federal Rules of Civil Procedure limits the joinder of defendants, and Rule 18(a), governs the joinder of claims. <u>See</u> Fed. R. Civ. P. 18(a), 20(a)(2).  Rule 20(a)(2) provides:  "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A) and (B).  Rule 18 (a) provides : "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  Wright & Miller's treatise on federal civil procedure explains that, where multiple defendants are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action.  It is not concerned with joinder of claims, which is governed by Rule 18.  Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . .

> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all . . .

Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil 3d §1655; see also United States v. Mississippi, 380 U.S. 128, 143 (1965) (where county registrars were alleged to be carrying on activities which were part of a series of transactions or occurrences the validity of which depended upon questions of law or fact common to all of them, joinder of registrars in one suit as defendants was proper under Rule 20(a)); Ross v. Meagan, 638 F. 2d 646, 650 n.5 (3d Cir. 1981), overruled on other grounds by, Neitzke v. Williams, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied). Consequently, a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact. See Fed. R. Civ. P. 20(a)(2). As the United States Court of Appeals for the Seventh Circuit recently explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.

George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007).

IT IS THEREFORE on this 22nd day of November, 2010,

ORDERED that Plaintiff's application to proceed in forma pauperis is DENIED

WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk shall administratively terminate this action, without filing the

Complaint or assessing a filing fee; and it is further

ORDERED that administrative termination is not a "dismissal" for purposes of the statute

of limitations, and that if this § 1983 case is reopened pursuant to the terms of this Order, it is not

thereby subject to the statute of limitations bar, provided the original Complaint was timely.  See

Houston v. Lack, 487 U.S. 266 (1988); McDowell v. Delaware State Police, 88 F.3d 188, 191

(3d Cir. 1996); Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is

further

ORDERED that Plaintiff may have the above entitled case reopened if, within 30 days of

the date of the entry of this Order, Plaintiff either pre-pays the $350.00 filing fee or files with the

Clerk Plaintiff's affidavit of poverty and his certified prison account statement for the six-month

period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a);

and it is further

ORDERED that, in the event Plaintiff elects to prepay his $350.00 filing fee or submits

his affidavit of poverty and his certified prison account statement qualifying Plaintiff as indigent,

Plaintiff shall accompany such submission by his amended civil complaint complying with the

requirements of Rules 18 and 20; and it is further

ORDERED that, if Plaintiff prepays the $350.00 filing fee (or files his affidavit of

poverty and his certified prison account statement) and submits such amended complaint within

30 days of the date of the entry of this Order, then the Court will enter an order directing the Clerk to reopen the case; and it is finally

ORDERED that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail, together with a blank in forma pauperis application form and a blank civil rights complaint, and close the file in this matter by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED."

s/Faith S. Hochberg
**Faith S. Hochberg**
**United States District Judge**